**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4128

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE CORDOVA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:13-cr-00090-D-1)

Submitted:  June 22, 2017                    Decided:  June 27, 2017

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Cordova pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2012). He was sentenced to 420 months' imprisonment. In his first appeal, the sole issue Cordova raised was that he was improperly sentenced under the Armed Career Criminal Act (ACCA). While his appeal was pending, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA. The Government filed an unopposed motion to remand, acknowledging that Cordova's sentence should be vacated and remanded to the district court for resentencing in accordance with *Johnson.* We granted the motion. *United States v. Cordova*, No. 14-4721 (4th Cir. July 16, 2015) (unpublished order).

On remand, the district court noted that Cordova's criminal history category and total offense level produced a Sentencing Guidelines range of 360 months to life, but that, in the absence of the ACCA enhancement, the Guidelines term became the 120-month statutory maximum. Without rearguing the Guidelines issues raised at his first sentencing, Cordova noted his objections to the court's rulings in order to preserve the Guidelines issues for appeal. The court sentenced Cordova to 120 months' imprisonment. The court further explained that even if it had miscalculated Cordova's advisory Guidelines range, it would impose the same sentence as an alternative variant sentence. (J.A. 239).

On appeal Cordova asks whether his 120-month sentence was procedurally and substantively unreasonable, challenging the district court's rulings as to the applicability

2

of several Guidelines provisions. The Government argues that these issues are precluded by the mandate rule, because Cordova could have raised these issues in his first appeal but did not. *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (ruling mandate rule requires that "any issue that could have been but was not raised on appeal is waived and thus not remanded"). We denied the Government's motion to dismiss based on this argument by prior order, and we decline to revisit the issue.

We do address the Government's assumed error harmlessness argument. The Government contends (1) that, even if we assume that the district court erred in each of the several Guidelines issues Cordova raises on appeal, the court has stated that it would impose the same 120-month sentence as an upward variant sentence; and (2) that this sentence would be substantively reasonable. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (noting that procedural sentencing error is considered harmless if district court would have reached same result even if it reached opposite conclusion on Guidelines issue, and sentence would be reasonable even in those circumstances); *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) ("[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." (internal quotation marks and alteration omitted)).

Upon close examination of the record and the law, and in light of the district court's alternative variant sentence, we find harmless any Guidelines error the district court may have committed. We agree with the Government that the district court has

3

satisfied the clear statement requirement of the assumed error harmlessness inquiry. This leads us to the second part of the inquiry: whether the sentence would be reasonable even if the Guidelines issues were decided in Cordova's favor—or, in other words, whether Cordova's 120-month sentence is substantively reasonable. *See United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).

The record reveals that the district court carefully reviewed the 18 U.S.C. § 3553(a) (2012) sentencing factors on remand and found a 120-month sentence sufficient but not greater than necessary to conform to the purposes of these factors. *See United States v. Diosdado-Star*, 630 F.3d 359, 367 (4th Cir. 2011). Given the district court's reasoning and the deferential standard of review we apply when reviewing criminal sentences, *see Gall v. United States*, 552 U.S. 38, 51, 59-60 (2007), we conclude that Cordova's sentence would be substantively reasonable even if the disputed Guidelines issues were resolved in his favor. *See Savillon-Matute*, 636 F.3d at 123-24. Therefore, given the district court's alternative variant sentence, any error in the district court's Guidelines calculations is harmless. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4